### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RUDOLPH R. EDMONDSON, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-02025 |
| ADT LLC d/b/a ADT SECURITY SERVICES and MCCARTHY BURGESS & WOLFF, INC., | |
| Defendant. | |

### COMPLAINT

NOW COMES RUDOLPH R. EDMONDSON, through undersigned counsel, complaining of Defendants, ADT LLC d/b/a ADT SECURITY SERVICES and MCCARTHY BURGESS & WOLFF, INC. (collectively, the "Defendants"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action seeking damages as well as injunctive relief for the violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     RUDOLPH R. EDMONDSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. 15 U.S.C. § 1692a(3).

1

6.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) § 1692a(3).

7.     ADT LLC d/b/a ADT SECURITY SERVICES ("ADT") is a limited liability company organized under the laws of Delaware.

8.     ADT has its principal place of business at 1501 Yamato Road, Boca Raton, Florida 33431.

9.     ADT is a "person" as defined by 47 U.S.C. § 153(39).

10.    MCCARTHY BURGESS & WOLFF, INC (MB&W) is a corporation organized under the laws of Ohio.

11.    MB&W has its principal place of business at 26000 Cannon Road, Cleveland, Ohio 44146.

12.    MB&W is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13.    MB&W is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

## FACTUAL ALLEGATIONS

14.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0883.

15.    At all times relevant, Plaintiff's number ending in 0883 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.    At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17.    Plaintiff obtained home security services through Defenders, Inc. d/b/a Protect Your Home ("Defenders")

2

18.     Over time, Plaintiff did not pay.

19.     On January 6, 2020, ADT acquired Defenders.

20.     Plaintiff's $1,311.50 balance – once unpaid – was referred for collection.

21.     Plaintiff's $1,311.50 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

**ADT's telephone harassment campaign**

22.     In spite of being referred for collection, Plaintiff continued to receive phone calls from ADT.

23.     On multiple occasions, Plaintiff answered.

24.     Each time, Plaintiff was met by clear pause, and was forced to say "*Hello, Hello, Hello*" prior to being connected to an agent.

25.     On multiple occasions, Plaintiff told ADT "[s]top calling!"

26.     Nonetheless, Plaintiff continues to receive phone calls from numbers leading back to ADT – including, (331) 200-8895; (630) 324-0379; (630) 984-7686 and (877) 624-2116.

27.     Specifically, between March 12th and March 24th, Plaintiff has received ten phone calls from ADT.

**MB&W's unlawful collection practices**

28.     On February 26, 2020, MB&W sent Plaintiff an initial written communication (the "Letter").

29.     The letter stated:

Date                    02/26/20
Creditor                Defenders, Inc. d/b/a Protect Your Home
Account #               8722535
Reference #             33157340
Account Balance         $1,311.50

Defenders, Inc. d/b/a Protect Your Home has placed the above referenced account with our office for collection activity….

30.     Three days later, MB&W phoned Plaintiff.

31.     Plaintiff's caller ID stated: (888) 817-1750.

32.     MB&W identified themselves as ADT.

33.     MB&W *did not* inform Plaintiff that "[MB&W] is attempting to collect a debt and that any information obtained will be used for that purpose."

34.     *Nor did* MB&W inform Plaintiff that "[t]his communication is from a debt collector."

35.     MB&W simply wanted payment.

36.     Frustrated, Plaintiff simply hung up.

37.     Weeks later, Plaintiff realized that (888) 817-1750 belonged to MB&W when he saw the number listed on MB&W's February 26, 2020 Letter.

## DAMAGES

38.     ADT's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

39.     Concerned with having had his rights violated, Plaintiff sought counsel to ensure that Defendants' unlawful collection practices stopped.

40.     Accordingly, Plaintiff is forced to expend energy and/or time consulting with attorneys to put an end to Defendants' unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

41.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violations of 15 U.S.C. § 1692e

42.     Section 1692e of the FDCPA provides:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (11)     The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

> (14)     The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

43.     MB&W violated 15 U.S.C. § 1692e(11) by failing to disclose that "[MB&W] is attempting to collect a debt and that any information obtained will be used for that purpose."

44. Alternatively, MB&W violated 15 U.S.C. § 1692e(11) by failing to disclose that "[t]his communication is from a debt collector."

45. MB&W violated 15 U.S.C. § 1692e(14) by identifying themselves as "ADT," and consequently attempting to collect debt using the name of another company.

**Violation(s) of 15 U.S.C. § 1692g**

46. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

47. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

48. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

6

49. MB&W violated 15 U.S.C. § 1692g(a)(2) by failing to identify ADT as current creditor.

50. MB&W violated 15 U.S.C. § 1692g(a)(2) by falsely stating that Defenders, Inc. d/b/a Protect Your Home was the current creditor.

51. As plead above, on January 6, 2020, ADT acquired Defenders.

52. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(11), e(14) and g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that MB&W violated 15 U.S.C. §§ 1692e(11), e(14) and g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of MB&W's violations;

C. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

7

E.      an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

53.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54.      ADT placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

55.      Upon information and belief, based on the "clear pause" Plaintiff experienced, ADT employed an ATDS to place calls to Plaintiff's cellular telephone.

56.      Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

57.      Upon information and belief, the ATDS employed by Defendant has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

58.      Upon information and belief, ADT acted through its agents, employees, and/or representatives at all times relevant.

59.      As a result of ADT's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

60.      As a result of ADT knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.      a finding that ADT violated 47 U.S.C. § 227 *et seq.*;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 30, 2020                                    Respectfully submitted,

**RUDOLPH R. EDMONDSON**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com

9